IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| SIRIUS SIGNAL, L.L.C., <br> 1042 NORTH EL CAMINO REAL, <br> SUITE B-200 <br> ENCINITAS, CA 92024 <br><br> PLAINTIFF, <br><br> v. <br><br> WEEMS & PLATH, LLC, <br> 214 EASTERN AVENUE <br> ANNAPOLIS, MD 21403 <br><br> SERVE ON ITS RESIDENT AGENT: <br><br> CSC-LAWYERS INCORPORATING <br> SERVICE COMPANY <br> 7 ST. PAUL STREET <br> BALTIMORE, MD 21202 <br><br> DEFENDANT. | CASE NO. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Sirius Signal, L.L.C. ("Sirius Signal"), by its attorneys Andrew L. Cole and Cole Schotz P.C., sues defendant Weems & Plath, LLC ("Weems & Plath") seeking a declaratory judgment pursuant to 28 U.S.C. 2201, and for its cause of action states as follows:

## PARTIES

1. Plaintiff Sirius Signal is a limited liability company organized under the laws of the State of California with its principal place of business located in the State of California. None of Sirius Signal's members is a citizen of either the state of Maryland or the State of New Jersey.

2. Defendant Weems & Plath is a limited liability company organized under the laws of the State of Maryland, with its principal place of business located in the State of Maryland. Upon information and belief, Weems & Plath's sole member is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 insofar as the amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship among plaintiffs and defendants, and pursuant to 28 U.S.C. 2201, which authorizes this Court, in the case of an actual controversy within its jurisdiction, to enter judgments declaring the rights and other legal relations of the parties hereto.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 as Weems & Plath is organized, and maintains its principal place of business, in the District of Maryland, and is therefore subject to the Court's personal jurisdiction.

## FACTS

5. Sirius Signal has developed certain patented intellectual property and trade secrets pertaining to an electronic marine distress signaling device that complies with United States Coast Guard regulations and is approved by the United States Coast Guard as an alternative to marine pyrotechnic flares (collectively the "Technology").

6. Sirius Signal in the past manufactured and sold products incorporating the Technology, however effective December 31, 2015, Sirius Signal entered into a Product Licensing Agreement (the "Agreement") with Weems & Plath pursuant to which Sirius Signal granted an

exclusive license for the Technology to Weems & Plath for a period of 24 months for the purpose of providing Weems & Plath the exclusive right to manufacture and sell products incorporating the Technology worldwide in exchange for a royalty and other promises to Sirius Signal.

7. The parties entered into three amendments to the Agreement which *inter alia* clarified and modified the scope and terms of the Agreement, extended its term through and including December 31, 2019, and clarified that either party was entitled to terminate the Agreement by providing written notice at least 60 days prior to the end of the then current term (subject to a provision purporting to require prior negotiations).

8. The parties entered into negotiations through the Winter and Spring of 2019 regarding a renewal of the Agreement for a term extending beyond December 31, 2019 but were unable to agree to terms for a renewal.

9. The Royalties payable during the renewal term discussed by the parties were expected to exceed $75,000.00.

10. On June 26, 2019, Sirius Signal sent written notice to Weems & Plath of its intent not to renew the Agreement, thereby allowing the Agreement to terminate by its terms on December 31, 2019.

11. Separate and apart from negotiations regarding renewal of the Agreement, during June of 2019, Sirius Signal learned that Weems & Plath was marketing and selling certain products in Finland incorporating some, but not all, aspects of the Technology, products which did not comply with the United States Coast Guard regulations or approval regarding the Technology, and which in fact varied materially (including *inter alia* a different colored light) from the United States Coast Guard approved products (the "Non USCG Compliant Products").

12.     Sirius Signal discovered that the Non USCG Compliant Products, while not marked as compliant with United States Coast Guard regulations, were being sold under the same part number as the United States Coast Guard compliant device sold in the United States and sold using Sirius Signal's trademark.

13.     The Non USCG Compliant Products, like those United States Coast Guard approved products incorporating the Technology, were marketed and sold for use on vessels, and it is reasonable to expect that at least some of these boats might ultimately carry these Non USCG Compliant Products from Finland into United States territorial and coastal waters.

14.     Prior to Weems & Plath's sale of the Non USCG Complaint Products, Weems & Plath approached Sirius Signal about selling the Non USCG Compliant Products in Finland. Sirius Signal responded by informing Weems & Plath that any Non USCG Compliant Products offered for sale in Finland must be offered under a different part number, packaged with a different bar code and a special insert card in the packaging that was compliant with the laws of Finland, and that the packaging and all marketing of any Non USCG Compliant Products must conspicuously and clearly state that the Non USCG Compliant Products were <u>not</u> United States Coast Guard approved, so as to avoid the possibility of confusion, and to prevent unsuspecting consumers in Finland and elsewhere from believing that the Non USCG Compliant Products were in fact accepted by the United States Coast Guard as a substitute for pyrotechnic flares (which the Non-Complaint Products were in fact not).

15. Notwithstanding the admonitions and instructions from Sirius Signal regarding the marketing and sale of the Non-Complaint Products, Weems & Plath nevertheless proceeded to market and sell the Non USCG Compliant Products in Finland (and possibly elsewhere) without clearly labeling them as non-Coast Guard compliant, and without labeling the Non USCG Compliant Products to distinguish them from the United States Coast Guard compliant products.

16. Weems & Plath's sale of the Non USCG Compliant Products with misleading packaging and marketing violated its obligation under the Agreement to comply with Sirius Signal's right to impose reasonable requirements with respect to markings and notices on packaging of devices incorporating the Technology, and in other ways violated the Agreement.

17. On July 26, 2019, Sirius Signal sent notice to Weems & Plath regarding Weems & Plath's breaches of the Settlement Agreement relating to the marketing and sale of Non USCG Compliant Products and providing notice pursuant to the Agreement that the defaults were incapable of being cured, and therefore the Agreement would terminate in 30 days, *i.e.* August 25, 2019, as provided by the Agreement.

18. Following Sirius Signal's July 26, 2019 letter providing notice of its termination of the Agreement effective August 25, 2019, Weems & Plath, both directly and through counsel, has disputed Sirius Signal's right to terminate the Agreement on August 25, 2019, and Sirius Signal's right not to renew the Agreement and permit it to terminate on its December 31, 2019 expiration date.

19. Weems & Plath's dispute of Sirius Signal's right to terminate the Agreement and/or permit the Agreement to expire by its terms, gives rise to an actual case or controversy within the jurisdiction of this Court.

### COUNT I
### Declaratory Judgment

20. Sirius Signal incorporates the foregoing paragraphs as though fully set forth herein.

21. A justiciable controversy exists between Sirius Signal and Weems & Plath concerning their respective rights, obligations, liabilities, and duties arising out of and related to the Agreement.

22. Sirius Signal asserts that the Agreement terminates effective August 25, 2019 as a result of breaches thereof by Weems & Plath, and that even if the Agreement does not terminate on August 25, 2019 due to breach, it terminates effective as of December 31, 2019 when its present term expires.

23. Sirius Signal requires a declaration of its rights with respect to termination of the Agreement so as to permit Sirius Signal to proceed with its rights to utilize the Technology free from any cloud based upon Weems & Plath's assertion that the Agreement remains in effect post-termination.

24. Therefore Sirius Signal requests from this Court a declaration that the Agreement terminates effective August 25, 2019 due to breach, or in the alternative, that the Agreement expires by its terms on December 31, 2019, and that in either case Sirius Signal is thereafter free to exploit the Technology.

**WHEREFORE**, Sirius Signal, L.L.C. respectfully requests that this Court enter a declaratory judgment:

    a. Determining that the Agreement terminated as of August 25, 2019 based upon a breach by Weems & Plath, LLC, and due notice by Sirius Signal, L.L.C., or in the alternative, that the Agreement terminates by its terms as of December 31, 2019 as a result of the

parties' non-renewal of the Agreement and based upon timely notice by Sirius Signal, L.L.C. of its intent not to renew; and

b. Granting such other and further relief as is appropriate under the circumstances.

    /s/ Andrew L. Cole
Andrew L. Cole, Fed. Bar No. 14865
Cole Schotz P.C.
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
(410) 528-2980
acole@coleschotz.com

*Attorneys for Plaintiff*