IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| SIRIUS SIGNAL, L.L.C.,<br><br>    Plaintiff<br><br>v.<br><br>WEEMS & PLATH, LLC,<br><br>    Defendant | Case No. 1:19-cv-02330-RDB |
| WEEMS & PLATH, LLC,<br><br>    Defendant/Counter-Plaintiff/Third Party Plaintiff,<br><br>v.<br><br>SIRIUS SIGNAL, L.L.C.,<br><br>    Plaintiff/Counter-Defendant<br><br>and<br><br>ANTHONY COVELLI[1]<br><br>    Third Party Defendant. | |

STIPULATED CONFIDENTIALITY ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this **10th** day of **DECEMBER**, **2019**, by the United States District Court for the District of Maryland, ORDERED:

---

[1] By joining in this stipulation, Third-Party Defendant Anthony Covelli does not appear generally, and reserves all rights with respect to any defenses, including defenses relating to lack of personal jurisdiction.

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) Confidential Information shall include information such as, but not limited to, trade secrets, confidential and/or non-public proprietary business information, or other highly confidential, non-public, personal or proprietary business information ("Confidential Information"), the disclosure of which could be detrimental or harmful to the designating party. A party in this action or a third party from whom documents or other information is sought (the "Producing Party"), producing information, testimony, tangible things or documents ("Discovery Material"), shall have the right to designate and label Discovery Material revealed or produced by that Producing Party as "CONFIDENTIAL" if it reasonably believes that such Discovery Material contains Confidential Information. Confidential Information shall include Discovery Material in its original form, and any copy, excerpt, summary or other document containing the confidential, business, commercial or personal information. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." The Producing Party who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

60005/0001-18374592v1

Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked CONFIDENTIAL after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure. If a Producing Party inadvertently produces Confidential Information without marking it as "CONFIDENTIAL", the Producing Party may give written notice that the Discovery Material is Confidential and it shall thereafter be treated as such.

(b) Parties or testifying persons may designate depositions or other testimony as Confidential by indicating on the record that the testimony is confidential at the time it is given or by sending written notice that the testimony is Confidential within fifteen (15) days of the date the testimony is transcribed. All information disclosed during a deposition shall be deemed Confidential until the time within which it may be designated as Confidential has passed.

(c) Confidential Information shall be made available only to "Qualified Persons" as defined in this Order, who shall have read this Order and who, by viewing Confidential Information, or by executing Exhibit A to this Order where required, agree to be bound by its terms. No other person shall have access to Confidential Information without the

approval of the Producing Party or the Court, nor shall any other person be informed of Confidential Information by any person having access to Confidential Information.

(d) Confidential Information can be used only in connection with preparing for and conducting the litigation in which the information or documents were disclosed (including appeals), and cannot be used for any other purpose.

(e) Counsel for the parties shall maintain a list of the names and addresses of all persons to whom Confidential Information is disclosed, other than Qualified Persons identified in section 1(f) hereof, and shall make that list available to opposing counsel at the conclusion of the case upon request.

(f) Qualified Persons means: (a) the parties and their officers, directors, employees and managing agents, who are engaged in preparing for and conducting the litigation in which the information or documents were disclosed (including appeals); (b) the Court and its officers; (c) outside counsel, and paraprofessional or clerical personnel assisting outside counsel in the preparation of this action for trial; (d) a deponent, but only during the course of preparation for or taking of his or her deposition, and then only to the extent reasonably necessary to enable such witness to prepare to testify or testify, and only pursuant to the conditions set forth in section 1(k); all of whom shall be informed by counsel of record of the provisions of this Order and shall be bound by its provisions.

(g) Independent experts or consultants retained by the parties in connection with this action may be included as Qualified Persons and may review Confidential Information if they agree in writing to be bound by the terms in this Order by executing Exhibit A to this Order. The designation "independent experts or consultants retained by the parties in

4

connection with this action" shall include employees of any company or firm by which the independent expert is employed.

(h)     If a party to this action wishes to disclose Confidential Information to any person not described in paragraphs 1(f) and 1(g) of this Confidentiality Order, permission to so disclose must be requested from the Producing Party in writing. The Producing Party shall have ten (10) business days from the date of receipt of the requesting party's request for disclosure in which to object in writing to such disclosure. If the Producing Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

(i)     Any third party upon whom the parties in this action serve a subpoena requesting documents or other information may avail themselves of this Order and shall be entitled to designate information as "CONFIDENTIAL," and information so designated shall be entitled to the protections of this Order, however such third parties shall not become Qualified Persons by virtue of making such designation.

(j)     Prior to the trial of this action, counsel for all parties shall seek to reach agreement on the handling of Discovery Material marked "Confidential" at the trial so as to provide the maximum protection possible against public disclosure without in any way infringing upon the rights of the parties to present all evidence they deem necessary at such trial, and counsel shall submit the agreement, or proposals if no agreement can be reached, to this Court for its consideration, with the request that the Court enter further orders as are necessary to implement the protection of Discovery Material marked "Confidential" or "Attorneys' Eyes Only" at trial as agreed (subject to Court Approval), or as the Court may direct based upon the proposals of counsel.

(k) The parties may use Discovery Material marked "Confidential" during depositions, hearings or other trial proceedings, subject, however, to the requirement that no witness may be shown Confidential Information unless (1) the Producing Party is first notified of the intention to make such a disclosure at least two (2) business days prior to the intended disclosure, and (2) only to the extent necessary to conduct or prepare for such deposition or testimony in this litigation. In advance of the use of any Confidential Information and any Discovery marked "Confidential" with a witness or deponent, the witness or deponent shall be advised of this Order and his or her obligation to adhere to its terms. Among other things, the witness or deponent shall be requested: (a) not to disclose any information, transcripts or documents relating to Confidential Information and any Discovery material marked "Confidential" (whether or not exhibited to the witness or deponent during the course of examination) to anyone other than Qualified Persons in the absence of agreement by the parties or permission from the Court; and (b) to take appropriate precautions to ensure that prohibited disclosure does not occur.

(l) In the event that a party receiving ("Receiving Party") Discovery Material marked "Confidential" objects to the designation, counsel for the Receiving Party shall notify the Producing Party of its objections in writing. The parties will use their best efforts to resolve the objections between themselves. Should the parties be unable to resolve the objections, the Producing Party shall, within ten (10) calendar days of the conference submit the dispute by formal motion and the Producing Party shall bear the burden of proof on the issue. If no motion is filed within the stated time period, the "Confidential" designation will be re-designated or removed as appropriate. Information subject to the dispute shall,

until further order of the Court, be treated consistently with its designation. Federal Rule of Civil Procedure 37(a)(5) shall apply to any such motions.

(m) Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which disclose confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as Confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 1(m) of this Confidentiality Order. In addition, if designated Discovery Material is presented or referenced in any hearing, counsel presenting such material shall alert the Court so that the Court may take steps necessary to protect the information.

(n) Party Seeking Greater Protection Must Obtain Further Court Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

7

(o) Inadvertent failure to designate any information pursuant to this Confidentiality Order shall not constitute a waiver of any otherwise valid claim for protection. At such time as a claim of inadvertent failure to designate is made, all dissemination of the subject material will cease, and the parties will attempt to resolve any dispute regarding the designation within ten (10) calendar days. If after ten (10) calendar days attempts to resolve the dispute are unsuccessful, the parties shall, within ten (10) business days, submit any such unresolved disputes to the assigned judge via telephone conference, and if the Judge is not available or requests that the matter be submitted on motion, by formal motion.

(p) Return of Confidential Information at the Conclusion of Litigation. Not later than 30 days after the final disposition of this litigation, including any appeals, all material treated as Confidential under this Order and not received in evidence shall be returned to counsel for the Producing Party or destroyed. If any Discovery Material marked "Confidential" is furnished under this Order to any expert or to any other person, the attorney for the party retaining such expert or furnishing the Discovery Material marked "Confidential" shall be responsible to ensure that it is returned to counsel and disposed of pursuant to this Order. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

(q) The terms of this Order shall survive any final disposition of this case.

(r) If either party finds that any of the terms of this Order or the designation of any Discovery Material as "Confidential" impedes its ability to prepare or present its case, or is otherwise objectionable, that party may seek appropriate relief from the Court. Entry of this Order also shall not preclude any party from seeking further protection for confidential information from the Court.

(s) Nothing in this Confidentiality Order shall constitute a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence.

12-6-19

/s/ Andrew L. Cole
Andrew L. Cole (Fed. Bar ID #14865)
Cole Schotz P.C.
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
(410) 528-2980
acole@coleschotz.com

*Attorneys for Sirius Signal, L.L.C.
and Anthony Covelli*

/s/ Timothy F. Maloney
Timothy F. Maloney (Fed. Bar ID #03381)
Alyse L. Prawde, Esq. (Fed. Bar ID #14676)
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301/220-2200 (tel.)
tmaloney@jgllaw.com
aprawde@jgllaw.com

*Attorneys for Weems & Plath, LLC*

/s/ Rita C. Chipperson
Rita C. Chipperson, Esq.
Kevin M. Curran, Esq.
Chipperson Law Group, P.C.
163 Madison Avenue
Suite 220-40
Morristown, NJ 07960
T: 973-845-9071
rcc@chippersonlaw.com
kmc@chippersonlaw.com

*Attorneys for Weems & Plath, LLC*

Dated: December 10, 2019

**HON. RICHARD D. BENNETT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| **SIRIUS SIGNAL, L.L.C.,**<br><br>**Plaintiff**<br><br>v.<br><br>**WEEMS & PLATH, LLC,**<br><br>**Defendant** | Case No. 1:19-cv-02330-RDB |
| **WEEMS & PLATH, LLC,**<br><br>**Defendant/Counter-Plaintiff/Third Party Plaintiff,**<br><br>v.<br><br>**SIRIUS SIGNAL, L.L.C.,**<br><br>**Plaintiff/Counter-Defendant**<br><br>and<br><br>**ANTHONY COVELLI**[2]<br><br>**Third Party Defendant.** | |

## STIPULATED CONFIDENTIALITY ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

I HAVE READ AND UNDERSTAND THE TERMS AND CONDITIONS OF THE AGREED CONFIDENTIALITY ORDER ENTERED IN THIS CASE AND AGREE TO BE BOUND BY THEM.

---

[2] By joining in this stipulation, Third-Party Defendant Anthony Covelli does not appear generally, and reserves all rights with respect to any defenses, including defenses relating to lack of personal jurisdiction.

_____     _____
Signature                       Date

_____
Print Name

_____
Address

_____
Telephone No.

_____
Email Address