**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **SIRIUS SIGNAL, L.L.C.,** | |
| **Plaintiff** | |
| **v.** | **Case No. 1:19-cv-02330-RDB** |
| **WEEMS & PLATH, LLC,** | |
| **Defendant** | |
| **WEEMS & PLATH, LLC,** | |
| **Defendant/Counter-Plaintiff/Third-Party Plaintiff,** | |
| **v.** | |
| **SIRIUS SIGNAL, L.L.C.,** | |
| **Plaintiff/Counter-Defendant** | |
| and | |
| **ANTHONY COVELLI** | |
| **Third-Party Defendant.** | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Defendant/Counter-Claimant/Third-Party Plaintiff Weems & Plath, LLC ("W&P"), by

and through undersigned counsel, files this Memorandum in support of its Opposition to

Plaintiff/Counter-Defendant Sirius Signal, L.L.C.'s Motion to Dismiss Counterclaim for Failure

to State a Claim (ECF 31) ("Motion to Dismiss"), and for good cause states:

## I.   INTRODUCTION

The Motion to Dismiss filed by Plaintiff/Counter-Defendant Sirius against the Counter-

Complaint filed by Defendant/Counter-Plaintiff/Third-Party Plaintiff W&P argued that Counts

1

IV and V of W&P's Counter-Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for an alleged failure to state a claim upon which relief may be granted.  Sirius's Motion to Dismiss has been rendered moot in several aspects by W&P's filing of a First Amended Counter-Complaint on January 2, 2020 (ECF 60).  This Opposition will address Sirius's arguments in its Motion to Dismiss in light of the First Amended Counter-Complaint and argue why W&P's First Amended Counter-Complaint has overcome Sirius's arguments.

Sirius's Motion to Dismiss should be denied on the basis that W&P's First Amended Counter-Complaint resolves any alleged issues raised by Sirius regarding Counts IV and V. W&P's First Amended Counter-Complaint removes the two original Counts IV (Violation of Md. Code Ann., Com. Law § 11-204(a)(1)) and V (Fraud) as set forth below, rendering moot Sirius's Motion to Dismiss as to original Counts IV and V that are the focus of Sirius's Motion to Dismiss.  Original Count IV (Violation of Md. Code Ann., Com. Law § 11-204(a)(1)) has been replaced with a new Count XI (Indirect Unjust Enrichment), and original Count V (Fraud) has been replaced with a new Count IV (Civil Conspiracy).  A new Count V (Fraud) has been added that differs substantially from original Count V (Fraud).  Therefore, Sirius's Motion to Dismiss should be denied as moot and also as unsubstantiated.

## II.     FACTUAL BACKGROUND

W&P's First Amended Counter-Complaint sets forth a detailed account of the facts relevant to W&P's interactions with Plaintiff Sirius and Third-Party Defendant Covelli.  Covelli is an owner, a member, and the non-employee CEO of Sirius, which has only three other members, one of whom is Robert B. Simons, Jr., a co-inventor with Covelli in the technology and related patents and patent applications that form the basis for the business relationship between W&P, Covelli, and Sirius.  Namely, W&P and Sirius entered into a Product Licensing Agreement (the "Agreement") that Covelli negotiated and drafted on behalf of, and in concert

with, Sirius, purporting to license identified Patents to W&P that allegedly were valid,

enforceable, and covered the product to be distributed in accordance with the Agreement.

Despite entering this Agreement, Sirius knew the Patents were invalid and unenforceable at least

because the inventors committed fraud on the United States Patent and Trademark Office

(U.S.P.T.O.), and Sirius never licensed to W&P valid, enforceable Patents that covered the

products distributed in accordance with the Agreement.  Also, Sirius failed to own at least a

portion of the Patents licensed pursuant to the Agreement.

Covelli knowingly misrepresented that the product to be licensed and sold pursuant to the

Agreement, the C-1001, was patented, and he knowingly misrepresented the validity,

enforceability, and scope of the Patents listed in the Agreement and at least one patent not listed

in the Agreement, and not owned by Covelli or Sirius, in order to induce W&P to execute and

perform the Agreement, including W&P making payment of a substantial upfront fee and

ongoing royalties for related sales of the Licensed Products.  After executing the Agreement,

W&P began manufacturing the Licensed Products using the same or similar components that

Sirius had used to manufacture the Licensed Products, including circuit boards supplied by

EMLinQ, at which Covelli has a personal acquaintance.  Covelli knowingly directed W&P to

falsely mark the products with the numbers of patents that did not cover the product.

During the ongoing business relationship between W&P, Sirius and Covelli, three

Amendments to the Agreement were negotiated by Covelli, and during the negotiations for a

Fourth Amendment, Covelli requested that W&P pay an additional substantial upfront fee to

license a new multi-colored light product.  When W&P requested additional information

regarding the multi-colored light in order to make an informed decision and requested to delay

negotiation of such light until after execution of the Fourth Amendment, Covelli refused to sign

the Fourth Amendment and informed W&P that Sirius considered W&P in breach of the

Agreement and that Sirius was terminating the Agreement.  W&P disputed Covelli's allegations

that W&P had breached the Agreement and that Sirius was able to terminate the Agreement in

the manner explained by Covelli.

Given that EMLinQ had been W&P's sole supplier of circuit boards for use in

manufacturing the Licensed Products for almost four years and had possession of the necessary

information to manufacture the boards, when Covelli soured on the relationship with W&P,

Covelli used his personal influence with his personal contact at EMLinQ to have EMLinQ stop

supplying to W&P the circuit boards needed for the Licensed Products knowing that W&P

would thereafter be unable to manufacturer the Licensed Products.  Additionally, Covelli refused

to provide to W&P the necessary information to allow another manufacturer to manufacture the

boards for W&P, and Covelli, in violation of the Agreement, placed orders with EmLinQ for a

large quantity of circuit boards to tie up the production ability of EmLinQ in a further effort to

render W&P unable to manufacture the Licensed Products.  Without authorization from W&P,

EmLinQ and/or Covelli further charged the shipment of the Sirius circuit boards to W&P's UPS

account.  And, during these activities, Covelli approached many W&P customers indicating that

the Licensed Products were no longer going to be sold by W&P and would now be sold by

Sirius.  All of these activities occurred *prior* to the August 25, 2019 date upon which Sirius is

claiming the Agreement should terminate, and during a period in which neither party disputes

that the Agreement was in full force.

Subsequently, Covelli arranged for the filing of the present Declaratory Judgment action

by Sirius against W&P, seeking a declaration that, *inter alia*, the Agreement was terminated

based on an alleged breach by W&P.  W&P answered Sirius's Complaint, counterclaimed, and

4

joined EMLinQ and Covelli each as a Third-Party Defendant.  EMLinQ is a limited liability

company formed and based in California, but after EMLinQ served its Disclosure of Corporate

Interest, W&P learned that EMLinQ, like W&P, also has citizenship in New Jersey by virtue of

having a member residing in New Jersey, thereby defeating diversity-based subject matter

jurisdiction over the non-federal-question third-party claims against EMLinQ.

Consequently, W&P omitted EMLinQ in W&P's First Amended Third-Party Complaint,

which is filed herewith against Covelli.  In particular, various facts and activities have surfaced

in the past months that lead W&P to allege that Covelli has acted, both individually and through

Sirius as his agent, over which Covelli appears to have total control, to commit tortious

interference with business relations, to engage in unfair competition, to commit the tort of civil

conspiracy, to commit tortious interference with contract, to commit fraud, to breach the

Agreement to which Covelli personally bound himself, to be estopped by promissory estoppel,

and to commit unjust enrichment.  W&P has asserted similar counterclaims against Covelli

directly in the First Amended Counter-Complaint, with the mirrored third-party claims asserted

against Sirius in the First Amended Third-Party Complaint.

Among the material misrepresentations, Covelli induced W&P to enter the Agreement

under the false representation that the Patents to be licensed under the Agreement were valid and

unenforceable, when in fact, Covelli knew that he and his co-inventor had committed fraud on

the U.S.P.T.O. by failing to disclose material prior art to the U.S.P.T.O. during prosecution of

the Patents.  Covelli further falsely represented that the product to be sold according to the

Agreement was patented, when in fact, it was not, and Covelli caused the products sold by Sirius,

and later W&P to be falsely marked with patent numbers that did not pertain to the marked

product.  Further, Covelli alleged to W&P to have assigned certain patents to Sirius, and Sirius

alleged to W&P to own, the Patents covered by the Agreement, when in reality, Covelli had not

assigned the Patents to Sirius Signal, L.L.C. as alleged, but rather retained ownership thereof and

remains an owner thereof to this day.  Covelli also encouraged Sirius to mark the product sold

pursuant to the Agreement with an expired patent in violation of the patent marking statute.

## III.    PROCEDURAL BACKGROUND

Sirius filed its Complaint (ECF 1) against W&P on August 14, 2019, seeking a

Declaratory Judgment that the Agreement would terminate on August 25, 2019. W&P filed its

Answer, Affirmative Defenses, Counter-Complaint, and Third-Party Complaint Against Anthony

Covelli and EMLinQ, LLC (ECF 22) on September 27, 2019. As the controlling member, owner,

and CEO of Sirius, Covelli has acted individually and used Sirius as his agent to induce W&P

under false pretenses to enter an Agreement to license invalid, unenforceable patents and by

falsely asserting that the product to be sold pursuant to the Agreement was patented when it was

not, and then, when it could not extort an additional six-figure licensing fee from W&P for a

product it had already licensed, Covelli further acted to damage W&P's profitability in selling

the product and to harm W&P's reputation.   As such, W&P filed a Third-Party Complaint

against Covelli due to his tortious actions against W&P that were designed to trick W&P into

believing it was licensing valid patents that were required to manufacture the product and to then

subsequently sabotage the benefits W&P was to obtain under the Agreement and it business and

reputation generally. The Court issued a Scheduling Order on September 26, 2019 (ECF 26), and

Sirius and W&P have commenced discovery. On October 11, 2019, the Court issued an Order

extending all deadlines by 30 days (ECF 30).

Plaintiff/Counter-Defendant Sirius filed its Motion to Dismiss on October 18, 2019. (ECF

31).  W&P filed on November 15, 2019, a Consent Motion for Extension of Time to Extend

Deadlines by two weeks and a Joint Motion for Extension of Time Scheduling Order Deadlines

by an additional two weeks.  The Court granted the motions and entered on November 19, 2019,

orders granting the Motion to Extend Deadlines and the Motion to Extend Initial Scheduling

Order Deadlines by two additional weeks.  W&P filed on November 29, 2019, a Consent Motion

for Extension of Time to Extend Deadlines until January 10, 2020 and a Joint Motion for

Extension of Time Scheduling Order Deadlines by an additional forty-seven days.  The Court

granted the motions and entered on December 2, 2019, orders granting the Motion to Extend

Deadlines until January 10, 2020 and the Motion to Extend Initial Scheduling Order Deadlines

by forty seven additional days.  On January 2, 2020, W&P filed its First Amended Counter-

Complaint against Sirius, as referenced herein, in conjunction with a First Amended Third-Party

Complaint against Covelli.  This Opposition by Counter-Plaintiff is due on Friday, January 10,

2020, and W&P's filing of this Opposition is timely.

## IV.     STANDARD OF REVIEW

### A.      Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a

complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To

survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to

"state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544,

570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). In reviewing a Rule 12(b)(6) motion to

dismiss, the court must "accept as true all of the well-pleaded allegations and view the complaint

in the light most favorable to [Plaintiff]." *Quintana v. City of Alexandria, et al*., 692 F. App'x

122, 125 (4th Cir. 2017) (citing *LeSueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th

Cir. 2012)); *Semenova v. Maryland Transit Admin*., 845 F.3d 564, 567 (4th Cir. 2017); *Riston v.*

*Klausmair*, 2018 U.S. Dist. LEXIS 154309 (D. Md. Sept. 11, 2018).

A court must deny a motion to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, where the motion has been rendered moot, because the claim itself has been removed, or substantially modified, obviating the objections raised in the motion. *See Riston*, 2018 U.S. Dist. LEXIS 154309, at \*11-12.  *See Venable v. Pritzker*, 2014 U.S. Dist. LEXIS 73600, \*15 (D. Md. May 30, 2014) ("When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded.").

A court must deny a motion to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, where "assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *See Ashcroft*, 556 U.S. at 696. Referring to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true. We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be. *See Twombly*, 550 U.S., at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *id*., at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations")." *Ashcroft,* 556 U.S. at 696.

## V.    ARGUMENT

### A.    Plaintiff Sirius's Motion to Dismiss original Count IV (Violation of the Md. Ann. Code, Com. Law § 11-204(a)(1)) and original Count V (Fraud) should be denied as moot.

Plaintiff Sirius's motion requests the dismissal of original Counts IV and V of Defendant W&P's Counter-Complaint.  In W&P's First Amended Answer, Affirmative Defenses, and Counter-Complaint, W&P has omitted original Count IV, which asserted a violation of Section

11-204(a)(1) of the Commercial Law Article of the Maryland Annotated Code, and original Count V, which asserted common law Fraud regarding Sirius's order of floats for use in manufacturing the Licensed Products.  W&P's omission of the original Counts to which Sirius has objected renders Sirius's request moot and obviates Sirius's objections.  W&P's First Amended Counter-Complaint replaced original Count IV (Violation of Md. Ann. Code, Com. Law § 11-204) with a new Count XI (Indirect Unjust Enrichment), and original Count V (Fraud) has been replaced with a new Count IV (Civil Conspiracy).  A new Count V (Fraud) has been added that differs substantially from original Count V (Fraud).  The original Count V (Fraud) is unrelated to the new Count V (Fraud), which pertains to Sirius's misrepresentations to W&P that the product to be made pursuant to the Agreement was patented, that Sirius owned the Patents in the Agreement, and the Patents were valid and enforceable.  Further, new Count V (Fraud) pertains to Sirius's knowledge of the inequitable conduct before the U.S.P.T.O., and its fraud on the U.S.P.T.O. and subsequently W&P as licensee of the Patents.   Likewise, Plaintiff's objections to the original Count V (Fraud) are inapplicable to the new Count V (Fraud) and cannot form a basis for dismissing new Count V (Fraud).

Therefore, Plaintiff Sirius's Motion to Dismiss as to Counts IV and V should be denied as moot.

## VI.    CONCLUSION

Defendant W&P respectfully requests that this Court deny in its entirety Plaintiff Sirius's Motion to Dismiss.

Respectfully submitted,

Dated:  January 7, 2020          /s/ Timothy F. Maloney
                                 Timothy F. Maloney (Fed. Bar ID #03381)
                                 Alyse L. Prawde (Fed. Bar ID #14676)
                                 JOSEPH, GREENWALD & LAAKE, P.A.
                                 6404 Ivy Lane, Suite 400
                                 Greenbelt, Maryland 20770
                                 301/220-2200 (tel.)
                                 tmaloney@jgllaw.com
                                 aprawde@jgllaw.com

                                 Rita C. Chipperson, Esq.
                                 Kevin M. Curran, Esq.
                                 CHIPPERSON LAW GROUP, P.C.
                                 163 Madison Avenue, Suite 220-40
                                 Morristown, NJ 07960
                                 973/845-9071 (tel.)
                                 rcc@chippersonlaw.com
                                 kmc@chippersonlaw.com

                                 *Counsel for Defendant/Counter-*
                                 *Plaintiff/Third-Party Plaintiff*
                                 *Weems & Plath, LLC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to U.S. District Court of Maryland Local Rule 102(1)(c), the foregoing was filed electronically through the CM/ECF system providing notice to all counsel of record on the date filed, January 7, 2020, as required by Fed. R. Civ. P. 5(a).

/s/ Alyse L. Prawde
Alyse L. Prawde