**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)**

| | | |
|---|---|---|
| SIRIUS SIGNAL, L.L.C., | * | |
|    PLAINTIFF/COUNTER-DEFENDANT, | * | |
| V. | * | CASE NO. <u>1:19-CV-02330-RDB</u> |
| WEEMS & PLATH, LLC, | * | ("FIRST FILED ACTION") |
|    DEFENDANT/COUNTER-PLAINTIFF. | * | |

* * * * * * *　　* * * * * *

| | | |
|---|---|---|
| WEEMS & PLATH, LLC | * | |
|    THIRD-PARTY PLAINTIFF, | * | |
| V. | * | |
| ANTHONY COVELLI, | * | |
|    THIRD-PARTY DEFENDANT. | * | |

* * * * * * *　　* * * * * *

| | | |
|---|---|---|
| WEEMS & PLATH, LLC, | * | |
|    PLAINTIFF, | * | |
| V. | * | CASE NO. <u>8:20-CV-00995-RDB</u> |
| SIRIUS SIGNAL, L.L.C. *et al.*, | * | ("SECOND FILED ACTION") |
|    DEFENDANTS. | * | |

* * * * * * *　　* * * * * *

**MOTION TO CONSOLIDATE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff in the First Filed Action Sirius Signal, L.L.C. ("Sirius") and Third-Party Defendant in the First Filed Action Anthony Covelli ("Covelli"), and all Defendants in the Second Filed Action, Sirius, Covelli, Robert Simons, Jr., EMLinQ LLC ("EMLinQ"), Scott Mele and

TekTite Industries, Inc. (collectively the "Moving Parties"), by counsel, and pursuant to FED. R. CIV. P. 42, move to consolidate the Second Filed Action into the First Filed Action, and for cause, state as follows:

## INTRODUCTION

1. What started as a simple declaratory action (the First Filed Action) seeking confirmation that Sirius terminated its license agreement with Weems & Plath, LLC ("W&P") (due to W&P's refusal to acknowledge the termination) has spawned three substantially identical additional federal lawsuits (including the Second Filed Action).[1] In these three new lawsuits W&P makes essentially the same allegations and asserts essentially the same claims as are asserted against Sirius in the First Filed Action, just adding the other Moving Parties as defendants and adding antitrust claims.

2. The First Filed Action and Second Filed Action involve precisely the same facts, legal issues, and parties, and therefore must be consolidated to avoid unnecessary duplicative litigation.

## FACTUAL AND PROCEDURAL BACKGROUND

3. Sirius and W&P were parties to a License Agreement dated December 31, 2015 (the "Agreement"), which was amended three times, and pursuant to which Sirius licensed certain intellectual property (including patents) to W&P and granted W&P an exclusive license to manufacture and sell a United States Coast Guard approved electronic distress signal device (the "SOS Light") developed by Sirius.

---

[1] Not content to file one new federal lawsuit, W&P has also commenced parallel actions against the same parties in the Eastern District of Pennsylvania (Case No. 2:20-cv-01940) and in the Southern District of California (Case No. 3:20-cv-00745-GPC-BGS) asserting essentially the same claims arising from substantially identical factual allegations.

4. W&P duly manufactured and sold the SOS Light to the public, and asserts that such sales generated revenues of approximately $4,500,000 over the four year life of the parties' Agreement.

5. In June of 2019, Sirius gave notice to W&P (in accordance with the Agreement) that it would not renew the Agreement past its current December 31, 2019 expiration. W&P thereafter indicated that it refused to acknowledge the termination, claiming that Sirius failed to participate in "mandatory negotiation."

6. In July of 2019, due to matters separate from Sirius' decision not to renew the Agreement, Sirius gave notice to W&P that W&P was in breach of the Agreement due to issues arising in connection with W&P's sale of alternative versions of the SOS Light in Finland, and terminated the agreement for breach effective in August of 2019. W&P once again indicated that it refused to acknowledge the termination.

7. Faced with W&P's refusal to acknowledge either of Sirius' terminations of the Agreement, Sirius instituted the First Filed Action on August 14, 2019 (the "Complaint") [D.I. 1] seeking a declaration that the Agreement was terminated, either as of August 2019, or upon its expiration on December 31, 2019.

8. The First Filed Action initially generated a counterclaim and third-party claims [D.I. 22] against Sirius, Covelli and EMLinQ for breach of contract and all and sundry business torts.

9. Sirius, Covelli and EMLinQ filed motions to dismiss the original counterclaim and third-party complaint filed by W&P [D.I. 31, 32 & 36].

10. Faced with motions to dismiss, W&P doubled down, dismissed EMLinQ [D.I. 52] and amended its pleadings [D.I. 60] seeking to allege around the fatal deficiencies in the contract

and business tort claims asserted in its first pleadings. W&P also added patent claims against Sirius and Covelli for false marking and attacking the validity of the patents previously licensed to W&P.

11. Covelli moved to dismiss the amended third-party complaint on January 28, 2020 [D.I. 65].

12. Following receipt of Covelli's motion to dismiss, W&P requested an extension of time to respond to the amended complaint filed by Sirius, and to respond to the motion to dismiss filed by Covelli (to which Sirius agreed [D.I. 66]), explicitly in order to allow W&P to file a further amended pleading (presumably correcting the deficiencies noted in Covelli's motion to dismiss). Due to the Court's COVID19 related orders, these deadlines have not expired as of the date of this motion.

13. On April 17, 2020, W&P commenced the Second Filed Action by filing a Complaint against Sirius, Covelli and EMLinQ, but also adding new defendants Robert Simons, Jr., TekTite Industries, Inc., and Scott Mele, and re-suing EMLinQ [D.I. 1].

14. In the Civil Cover Sheet filed in the Second Filed Action [D.I. 1-3], W&P noted the pendency of the First Filed Action as a "related case."

15. W&P admits that the Second Filed Action involves common questions of law and fact with the First Filed Action by stating in Paragraph 51 of the Complaint in the Second Filed Action, that "this action arises from the same case or controversy as Sirius' Declaratory Judgment claim."

## LEGAL STANDARD

16. Federal Rule of Civil Procedure 42(a) provides that "if actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

17. As this Court has previously stated:

Policies of judicial economy generally favor the consolidation of related actions. *Coyne & Delaney Co. v. Selman,* 98 F.3d 1457, 1473 (4th Cir.1996) (the "substantial overlap" between two related cases require consolidation in "the interests of justice."). Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases. *See, e.g., North Carolina Natural Gas Corp. v. Seaboard Sur. Corp..,* 284 F.2d 164, 167 (4th Cir.1960) (acknowledging that "... consolidation is within the sound discretion of the [trial] court...."). "In exercising that discretion, courts should weigh 'the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause' to the parties." *Joe Hand Promotions, Inc. v. Dock Street Enterprises, Inc.,* WMN–11–1973, 2011 WL 6141058, at *2 (D.Md. Dec.8, 2011) (quoting *Servants of Paraclete, Inc. v. Great Am. Ins. Co.,* 866 F.Supp. 1560, 1572 (D.N.M.1994). The movant must demonstrate "that consolidation is desirable." *Id.*

*Eldridge v. McCabe, Weisberg & Conway, LLC*, 2012 WL 1416642, at *1 (D. Md. 2012)

## ARGUMENT

18. If ever there were a case for consolidation, this is it.

19. There is no question that the First Filed Action and the Second Filed Action arise from the same facts and circumstances and involve common questions of law and fact. W&P acknowledges as much in ¶ 51 of its Complaint in the Second Filed Action.

20. Both cases arise out of the Agreement between Sirius and W&P.

21. The circumstances underlying the factual allegations in W&P's counterclaims and third-party claims in the First Filed Action are nearly identical to those in the Second filed action.

22. W&P asserts substantially identical claims for breach of contract against Sirius in both actions arising from substantially the same alleged facts.

23. W&P asserts substantially identical claims for tortious interference against Sirius and Covelli in both actions arising from substantially the same alleged facts.

24. W&P asserts substantially identical claims for invalidation of Sirius' patents in both actions arising from substantially the same alleged facts.

25. W&P asserts claims false patent marking claims against Sirius in both actions, albeit on slightly different theories and on slightly different facts (likely an effort to allege around the arguments asserted in Covelli's motion to dismiss with respect to W&P's false marking claims).

26. The complaint in the Second Filed Action is essentially an amendment to the most recent counterclaim and third-party claim in the First Filed Action which seeks to cure deficiencies highlighted in Covelli's pending motion to dismiss, but adding antitrust claims and additional parties.

27. Common issues of fact permeate the two actions insofar as the actions are based on the identical underlying facts.

28. Common issues of law permeate the two actions insofar as the Second Filed Action asserts most of the same causes of action asserted in W&P's most recent pleadings in the First Filed Action.

29. It is unclear why W&P chose to file the Second Filed Action as opposed to simply amending its pleadings in the First Filed Action and/or seeking joinder of the additional parties, insofar as the Second Filed Action is nearly identical to the First Filed Action (but for the additional parties and the new-found antitrust claims), however now that this has been done, the two actions must be consolidated in order to avoid duplicative and unnecessary litigation and the potential for inconsistent results and rulings.

30. By appearing through counsel in filing this motion, Covelli, Simons, EMLinQ, TekTite Industries, Inc. and Scott Mele waive any objection to personal jurisdiction and venue in this Court.

## CONCLUSION

31. There is no legitimate reason to allow the Second Filed Action to pend separately from the First Filed Action. These two actions should be consolidated under the case number of the First Filed Action and W&P should be directed to file a further amended consolidated pleading containing all of its claims against all of the parties.

## INCORPORATED MEMORANDUM OF LAW

The moving parties incorporate their memorandum of law pursuant to Local Rule 105(1) into their motion.

**WHEREFORE**, the moving parties respectfully request that the Court enter an Order:

a. Granting this motion;

b. Consolidating the Second Filed Action into the First Filed Action and directing that all further proceedings be docketed in the First Filed Action;

c. Directing W&P to file a single amended pleading docketed in the First Filed Action and denominated as a "counterclaim" asserting all of its claims against all of the defendants named in the Second Filed Action, which pleading will amend and replace all pending pleadings filed in either the First Filed Action and the Second Filed Action; and

d. Granting such other and further relief as is appropriate.

Date: May 1, 2020

/s/ Andrew L. Cole
Andrew L. Cole, Fed. Bar No. 14865
Cole Schotz P.C.
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
(410) 528-2980
acole@coleschotz.com

*Attorneys for Moving Parties*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 1st day of May, 2020, a copy of the foregoing, together with all exhibits and attachments, was served *via* CM/ECF upon all registered users who have entered an appearance in this action, including:

>Timothy F. Maloney, Esq.
>Alyse L. Prawde, Esq.
>Joseph, Greenwald & Laake, P.A.
>6404 Ivy Lane, Suite 400
>Greenbelt, MD 20770

and *via* email upon:

>Rita C. Chipperson, Esq. (admitted pro hac vice)
>Kevin M. Curran, Esq. (admitted pro hac vice)
>Chipperson Law Group, P.C.
>163 Madison Avenue
>Suite 220-40
>Morristown, NJ 07960
>rcc@chippersonlaw.com
>kmc@chippersonlaw.com

>/s/ Andrew L. Cole
>Andrew L. Cole